IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRYL RAYNARD GORDON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-523-B |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for evading arrest with a vehicle, enhanced. *State of Texas v. Darryl Raynard Gordon*, No. 30600-422 (422nd Dist. Ct., Kaufman County, Tex., Oct. 30, 2012). He was sentenced to life in prison. On November 19, 2013, the Fifth District Court of Appeals affirmed the conviction and sentence. *Gordon v. State*, No. 05-12-01520-CR (Tex. App. – Dallas 2013, pet. ref'd). On March 12, 2014, the Court of Criminal Appeals refused Petitioner's petition for discretionary review.

On June 23, 2014, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Gordon*, Application No. 59,933-06. On December 23, 2015, the Court of Criminal Appeals

denied the petition without written order.

On February 22, 2016, Petitioner filed the instant § 2254. He argues:

1. The trial court erred by refusing to appoint new counsel after granting defense counsel's motion to withdraw;

2. The trial court erred when it failed to hold a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975);

3. The trial court erred when it failed to hold a competency hearing; and

4. Petitioner received ineffective assistance of trial and appellate counsel.

On July 6, 2016, Respondent filed her response. On July 26, 2016, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

## 2. Trial Error

Petitioner claims the trial court committed error when the court: (1) refused to appoint new counsel after granting defense counsel's motion to withdraw; (2) failed to hold a *Faretta* hearing; and (3) failed to hold a competency hearing.

### A. Appointment of Counsel

Petitioner claims the trial court erred when it granted defense counsel's motion to withdraw without appointing other counsel.

 "Although a court cannot force a defendant to choose between constitutionally deficient or disqualified counsel and no counsel at all, 'a defendant's refusal without good cause to proceed with able appointed counsel constitutes a voluntary' decision to proceed pro se." *United States v. Romans*, 823 F.3d 299, 313 (5th Cir. 2016) (quoting *Dunn v. Johnson,* 162 F.3d 302, 307 (5th Cir.1998)). In the context of appointed counsel, a court "is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant," that is, a showing of conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013).

In this case, the record shows Petitioner instructed his appointed counsel to file a motion to withdraw. (ECF No. 16-3 at 3.) At the hearing on his motion, Petitioner stated that counsel had failed to file certain motions and he believed counsel was not truthful with him about filing the motions and negotiating a plea bargain. (*Id*. at 4-5.) Petitioner also submitted letters from his counsel in which counsel stated they were "obviously having problems communicating," and that counsel would only communicate with Petitioner in writing due to counsel's concern that Petitioner would "distort anything I say or do." (*Ex parte Gordon* at 70, 69.)

At the hearing, counsel responded to Petitioner's claims and noted that he did file the requested motions. (ECF No. 16-3 at 6-8.) The court found that counsel filed the requested motions, and that the prosecutor had not offered a plea bargain. The court determined that Petitioner failed to show sufficient cause for dismissing his appointed attorney.

The court stated:

Mr. Gordon, as I tell every criminal defendant, if I find good reason for allowing a lawyer to withdraw, I'll grant the motion to withdraw; but miscommunication, good faith effort by the counsel, being misunderstood by the client, those, in my opinion, are not sufficient reasons to allow the motion to be granted in this case.

* * *

Mr. Harris is a qualified attorney. If there was good cause to allow him to withdraw, I would do that. I don't find there to be good cause.

(*Id*. at 9-10.)

Petitioner has failed to show his counsel was constitutionally deficient or that there was good cause to dismiss his appointed counsel. Petitioner has failed to show trial error.

### B. *Faretta* Hearing

Petitioner claims the trial court erred when it failed to conduct a hearing under *Faretta v.*

*California*, 422 U.S. 806, 807-08 (1975), to determine if his waiver of counsel was knowing and voluntary.

The Sixth Amendment guarantees the right to counsel for a criminal defendant. In *Faretta* the Supreme Court determined that a defendant also has the right to proceed without counsel if he "knowingly and intelligently" decides to do so. *Id*. at 835. The Court explained, however, that a defendant "should be made aware of the dangers and disadvantages of self-representation." *Id.* To ensure that the waiver of counsel is knowingly and intelligently made, the court should consider the "totality-of-circumstances" and must "ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving." *Landry v. Cain,* 445 Fed. Appx. 817, 823 (5th Cir. 2011) (quoting *United States v. Virgil*, 444 F.3d 447, 453 (5th Cir. 2006)). The Fifth Circuit requires "no sacrosanct litany for warning defendants against waiving the right to counsel." *Id.* at 453. Instead, the court must exercise its discretion in determining the precise nature of the warning." *Id.*

Here, the court's warnings to Petitioner complied with *Faretta*. The court stated to Petitioner:

> [Y]ou have a constitutional right to represent yourself. There are great dangers in doing that. I would never recommend to any defendant that they represent themselves. You're held to the same rules of evidence and procedure as a trained lawyer. You obviously don't have that training. There's no way in my opinion you can adequately represent yourself on what appear to be four different cases.
>
> * * *
>
> Let me just say that is a very dangerous thing for you to do. I don't recommend it. There are many hazards involved.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**            Page -5-

(*Id*. at 11-13).

The court also informed Petitioner that his minimum sentence exposure was 25 years, and his maximum sentence exposure was 99 years. The court stated:

| | |
|---|---|
| COURT: | Mr. Harris is absolutely right, 25 to 99. I might just say, this is an all or nothing proposition. You have the right to represent yourself; but if you opt to do that, then you represent yourself. If I put a lawyer in a standby position to available for advice, that means he can give you some advice; but he's not going to be the one interrogating the witnesses. He's not going to be the one doing the voir dire. He's not going to be the one objecting to evidence. He's not going to be the one trying to defend an objection. You're going to be held to the same standards as a board certified lawyer on procedure and evidentiary matters. And frankly, there is no way you could be up to speed on it. |
| PETITIONER: | I agree with that. |
| COURT: | So I don't recommend it. I think you're dealing with fire without having a hose to fight the blaze. And so I don't suggest or recommend that you do it. You have the absolute right to do it if you want to, but I don't suggest it and don't recommend it. |

(*Id*. at 11-15.)

The record shows that after these warnings, Petitioner elected to represent himself. The record shows as follows:

| | |
|---|---|
| PETITIONER: | Okay. I'll represent myself. |
| COURT: | That's a big mistake, Mr. Gordon. |
| PETITIONER: | I mean I don't know what else to do. I mean, you know. |
| COURT: | You're a guy who's been down to the pen twice with lawyers. You think you're going to do any better without one? |
| PETITIONER: | Well, I don't necessarily think that I'm going to do better without them; but I just don't think, judging by all that Mr. Harris has wrote me, that he has my best interest at heart. |
| COURT: | I don't see anything in the correspondence I've looked at that says |

|  |  |
|---|---|
|  | anything but what he did, truthfully. (Reviewed documents) I think he's giving you his best opinion about what's going to happen there. You may not like the advice . . . . |
| * * * | |
| THE COURT: | Okay. All right, Mr. Gordon, let me be crystal clear with you on this. You are electing to represent yourself, is that correct? |
| PETITIONER: | Yes, sir. |

(*Id*. at 17-20.)

Petitioner has failed to show that the trial court violated *Faretta* or committed error.

    **C.**    **Competency Hearing**

Petitioner claims the court erred when it failed to hold a competency hearing. Petitioner states he has a history of mental illness, and that at the time of trial he was under the care of a psychiatrist and was taking psychiatric medication.

The test for determining competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also, Indiana v. Edwards*, 554 U.S. 164, 170 (2008). Because a state court's competency finding is presumed correct, a petitioner bears a heavy burden in contesting his competency during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

The record shows Petitioner was able to respond to questions and cross-examine witnesses coherently during trial. On state habeas review, appellate counsel submitted an affidavit stating he believed Petitioner had above-average intelligence, and that he did not believe Petitioner was incompetent. (*Ex parte Gordon* at 73-74.) Petitioner has submitted no evidence

that his psychiatric condition rendered him incompetent. Petitioner's claim should be denied.

### 3.   Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims his trial and appellate counsel submitted affidavits on state habeas review that supported his claims, but that these affidavits were suppressed. The record contains the affidavits of both trial and appellate counsel. (*Ex parte Gordon* at 73-76.) Neither of these affidavits supports Petitioner's claims. Petitioner's ineffective assistance of counsel claims should be denied.

**4.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III.  Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 23rd day of March, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).